UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVONTAE E. BEASLEY,

    Plaintiff,

v.

UNKNOWN POWELL, et al.,

    Defendants.
_____/

Case No. 1:25-cv-146

Hon. Hala Y. Jarbou

**ORDER**

Plaintiff Travontae Beasley brings this case under 42 U.S.C. § 1983, alleging that two Michigan Department of Corrections ("MDOC") officers violated his Eighth Amendment right against cruel and unusual punishment. On August 13, 2025, Defendants moved for partial summary judgment based on Beasley's alleged failure to exhaust administrative remedies (ECF No. 13).[1] Before the Court is Magistrate Judge Sally J. Berens's September 29, 2025, report and recommendation ("R&R") (ECF No. 18) that the Court grant Defendants' motion. Although no party has filed objections, upon review the Court will approve in part and reject in part the R&R for the reasons explained below.

The facts of this case are more fully set out in the R&R. The case stems from an incident that allegedly occurred on May 6, 2023, at Oaks Correctional Facility. According to Beasley, Defendants Powell and Casto came to his cell to escort him to a health care appointment, but Beasley indicated to them he no longer needed the care. (Compl. 4, ECF No. 1.) Powell then

---

[1] Although Beasley did not respond to Defendants' motion, the Court must still determine whether Defendants have satisfied their burden of establishing no genuine issue of material fact. *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991).

allegedly pushed Beasley into his cell, "grabbed [him] by [his] neck with both hands," and then "lifted [Beasley] by [his] neck and choked [him] against the wall." (*Id.*) Beasley also "felt one of . . . Powell's hands slide down [his] chest towards [his] groin," but he managed to break out of Powell's grasp and run out of his cell. (*Id.*) Beasley also alleges that Casto watched these events occur but did not try to help him. (*Id.*)

Defendants argue that some of Beasley's claims should be dismissed because he did not properly exhaust them through the MDOC grievance process. "Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). Defendants do not contest that Beasley properly exhausted his remedies related to the alleged attack by Powell. However, they argue that (1) Beasley failed to exhaust his remedies as to his claim against Casto by failing to mention Casto in his grievances, and (2) Beasley failed to exhaust his remedies as to his allegations of sexual abuse by Powell. (Defs.' Br. in Supp. of Mot. 11, ECF No. 14.) The Court agrees, for the reasons set out by the magistrate judge, that Beasley failed to exhaust his remedies as to his claims against Casto. However, the Court disagrees with Defendants' contention that Beasley failed to exhaust his remedies as to the sexual abuse allegations.

Defendants argue first that Beasley cannot bring a claim based on Powell's alleged sexual abuse because Beasley's allegations do not establish that Powell violated the MDOC policy that implements the Prison Rape Elimination Act ("PREA") and governs sexual misconduct by corrections officers (MDOC Policy Directive 03.03.140 (eff. date Apr. 5, 2021), ECF No. 14-6). Defendants contend that because Beasley "does not allege that CO Powell's hand made any contact with Beasley's groin," his allegations "do not meet the definition for sexual abuse under the PREA policy." (Defs.' Br. in Supp. of Mot. 11.) This contention mischaracterizes the PREA policy,

2

which includes attempted sexual contact under the definition of "sexual abuse." (*See* MDOC Policy Directive 03.03.140 ¶ S(6).) More importantly, the PREA policy's definition of sexual abuse does not limit Beasley's ability to bring an Eighth Amendment claim. As long as Beasley exhausted his remedies as to the allegations against Powell, he is free to proceed on any theory of liability that arises from those allegations. *See Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (grievance need not contain "specific legal theory" to exhaust claim).

In the alternative, Defendants contend that insofar as Beasley's allegations *do* fall under the PREA policy, Beasley has failed to exhaust his remedies related to those allegations because he did not follow the PREA-specific grievance process. But this argument also misses the mark. Policy Directive 03.03.140 purports to "eliminate[] the administrative grievance procedure for addressing prisoner grievances regarding sexual abuse" and create a separate process for addressing such grievances. (MDOC Policy Directive 03.03.140 ¶ VV.) However, the directive contains almost no detail about that process; it merely states that prisoners may report sexual misconduct and that a subsequent investigation will occur. (MDOC Policy Directive 03.03.140 ¶¶ UU, XX.) Furthermore, contrary to Defendants' contentions, the directive allows reports of sexual misconduct to "be made in any manner," and appears to expressly allow a prisoner to file a grievance regarding sexual abuse via the general grievance process: "If prisoners utilize the prisoner grievance system to report an allegation of sexual abuse, the facility Grievance Coordinator shall forward the sexual abuse allegation to the facility PREA Coordinator for further handling in accordance with this policy." (MDOC Policy Directive 03.03.140 ¶¶ UU, VV); *see Henry v. Mihm*, No. 22-CV-12830, 2024 WL 735385, at *5 (E.D. Mich. Jan. 26, 2024), *report and recommendation adopted*, No. 22-12830, 2024 WL 731924 (E.D. Mich. Feb. 27, 2024) ("P[olicy] D[irective] 03.03.140 permits, but does not require, a prisoner to use the normal grievance process

3

to report sexual abuse."). If Beasley's allegations should have been addressed through the PREA process, it was the MDOC's responsibility to transfer them to the PREA Coordinator, and any failure to do so on the MDOC's part does not bar Beasley's claims. *See Does 8-10 v. Snyder*, 945 F.3d 951, 962 (6th Cir. 2019) ("[W]hen prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we." (quoting *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010))).

Moreover, the exhaustion requirement does not bar suit if "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it because it is so opaque or so confusing." *Lamb v. Kendrick*, 52 F.4th 286, 292–293 (6th Cir. 2022) (internal quotation marks omitted). Even if the seemingly contradictory provisions of Policy Directive 03.03.140 laid out above can be interpreted as creating an exclusive PREA grievance process, such an interpretation would require ignoring the directive's plain language and render it "so confusing" that any failure to follow it would not bar Beasley's suit. *Lamb*, 52 F.4th at 292; *cf. Haines v. Miniard*, No. 22-CV-10717, 2023 WL 3559608, at *2 (E.D. Mich. Apr. 24, 2023) ("[T]he reporting procedure under Policy Directive 03.03.140 is 'so opaque that it becomes, practically speaking, incapable of use.'" (quoting *Ross v. Blake*, 578 U.S. 632, 643–644 (2016))), *report and recommendation adopted*, 2023 WL 3550081 (E.D. Mich. May 17, 2023)); *accord Jones v. Washington*, No. 2:22-CV-11047, 2023 WL 7225011, at *5 (E.D. Mich. Oct. 11, 2023*), report and recommendation adopted*, No. 22-11047, 2023 WL 7222674 (E.D. Mich. Nov. 2, 2023); *Henry*, 2024 WL 735385, at *5; *Taylor v. Bush*, No. 2:24-CV-00105, 2025 WL 1943013, at *5 (W.D. Mich. June 6, 2025), *report and recommendation adopted*, No. 2:24-CV-105, 2025 WL 1940466 (W.D. Mich. July 15, 2025).

In sum, Defendants have not established that Beasley failed to exhaust his remedies as to the sexual abuse allegations against Powell. The Court will thus deny summary judgment to Defendants on that issue, while granting summary judgment as to Defendant Casto.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 18) is **APPROVED IN PART** and **REJECTED IN PART**. The Court approves the recommendation that it dismiss Plaintiff's claim against Defendant Casto, but rejects the recommendation that it dismiss Plaintiff's sexual abuse claim against Defendant Powell.

**IT IS FURTHER ORDERED** that Defendants' motion for partial summary judgment (ECF No. 13) is **GRANTED IN PART** and **DENIED IN PART** as set out above.

**IT IS FURTHER ORDERED** that Plaintiff's claim against Defendant Casto is **DISMISSED**. Plaintiff's claims against Defendant Powell are unaffected by this order.

Dated: November 4, 2025                /s/ Hala Y. Jarbou
                                                HALA Y. JARBOU
                                                CHIEF UNITED STATES DISTRICT JUDGE